**Fernando Antonio ROMERO–AVILA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70430.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 21, 2005.*

Decided Oct. 28, 2005.

Sung U. Park, Esq., Law Offices of Sung U. Park, Los Angeles, CA, for Petitioner.

Fernando Antonio Romero–Avila, North Hollywood, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Virginia Lum, Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: PREGERSON and CLIFTON, Circuit Judges, and HICKS,** District Judge.

## MEMORANDUM ***

Petitioner, Fernando Antonio Romero–Avila, challenges the BIA's denial of his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252(b)(1)-(2) and we affirm.

Romero–Avila claims that he was denied due process because he was not given proper notice before being ordered deported *in absentia.* The BIA declined to reconsider its decision not to reopen Romero–Avila's deportation proceedings on this basis. We review claims of due process violations de novo. *Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004).

A person attempting to reopen deportation proceedings on due process grounds must show that his due process rights were violated and that he was substantially prejudiced by the violation. *Larita–Martinez v. Immigration & Naturalization Serv.,* 220 F.3d 1092, 1095 (9th Cir.2000) (citations omitted). Romero–Avila was fifteen when he was personally issued an order to show cause, which detailed where and when his deportation hearing was to take place. The pertinent regulation only require special notice procedures for those under the age of fourteen. 8 C.F.R. § 103.5a(c) (1994). We find no violation of due process where the Service complied with the regulations at 8 C.F.R. § 103.5a(a)(2), (c) and notice was "reasonably calculated" to apprise Romero–Avila of his hearing. *Dobrota v. Immigration & Naturalization Serv.,* 311 F.3d 1206, 1210 (9th Cir.2002) (citations omitted).

Even if there were a due process violation, Romero–Avila has not shown that he was eligible for any relief as of the date he was deported, and therefore has not shown substantial prejudice. Accordingly, the BIA's decision is AFFIRMED.

---

** The Honorable Larry R. Hicks, United States District Court Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.